UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ADAM WOOD Plaintiff

v. Civil Action No. 4:25-cv-18-RGJ

ASCEND LOANS, LLC Defendant

* * * * *

## MEMORANDUM OPINION & ORDER

Plaintiff Adam Wood ("Wood") moves the Court [DE 25] to reconsider its January 15, 2025, Memorandum Opinion and Order compelling arbitration. [DE 24]. Defendant Ascend Loan ("Ascend") responded [DE 27], and Wood replied. [DE 28]. Ascend also filed a second notice of supplemental authority [DE 26], which Wood did not respond to and the time for doing so has lapsed. This matter is ripe. For the reasons below, Wood's Motion to Reconsider [DE 25] is **DENIED**.

## I. BACKGROUND

The full facts and background are in the Court's order compelling arbitration, and are incorporated here by reference. [DE 24]. On April 23, 2025, Ascend moved to compel arbitration. [DE 17]. Wood responded [DE 20] and Ascend replied. [DE 21]. The Court issued a Memorandum Opinion and Order on January 15, 2026, granting Ascend's motion to compel individual arbitration of Wood's class action lawsuit alleging that Ascend falsely presented itself as a tribal lending entity to circumvent limitations imposed by Kentucky law. [DE 24]. Wood then moved the Court to reconsider its ruling to compel arbitration. [DE 25]. Wood argues that the Court committed clear error when it determined that the application of federal law and the loan agreements would allow the arbitrator to apply Kentucky state law to analyze Wood's prospective waiver argument. [*Id.* at

474]. In response, Ascend alleges that Wood merely reasserts arguments this Court has already considered and rejected. [DE 27 at 526].

## II. STANDARD

Wood requests reconsideration of the order compelling arbitration and staying the case [DE 24] under Rule 59(e). The Court's prior order, however, is interlocutory in nature and as such Rule 59(e) is not the applicable mechanism for review. *See Preferred Care of Delaware, Inc. v. Estate of Hopkins by and through Hopkins*, 845 F.3d 765, 768 (6th Cir. 2017); *see also* 9 U.S.C. § 16. "The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *Drus v. Microsoft Corp.*, No. CV 25-72-DLB-CJS, 2026 WL 2323178, at *1 (E.D. Ky. Aug. 11, 2026) (quoting *Swift Enters., LLC v. TruNorth Warranty Plans of N. Am., LLC*, No. 1:21-cv-146, 2022 WL 19403603, at *1 (E.D. Tenn. Dec. 15, 2022) (internal quotation marks omitted)). Yet, district courts "have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Id.* (internal quotation marks omitted); *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008).

Wood's motion to reconsider, therefore, may be brought pursuant to Federal Rule of Civil Procedure 54(b),[1] as Ascend suggests in its briefing. [DE 27 at 526]. *See id.*; *see also BLC Lexington SNF, LLC v. Townsend*, 171 F.4th 788, 796 (6th Cir. 2026) (reviewing district court's denial of motion to reconsider an order compelling arbitration and observing that Rule 54(b) governs); *Johnson v. United States*, No. 3:15-CV-715-DJH-CHL, 2019 WL 236720, at *2 (W.D. Ky. Jan. 16, 2019) ("[T]he Sixth Circuit recognizes that the Court has authority both under

---

[1] Rule 54(b) states in relevant part that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

common law and under Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. (citations and internal quotation marks omitted)). Like a motion to alter or amend judgment under Rule 59(e), "[d]istrict courts have discretion to reconsider interlocutory orders under Rule 54(b) where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *BLC Lexington SNF*, 171 F.4th at 796 (internal quotation marks omitted). *See also Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

As with a motion under Rule 59(e), a motion to reconsider should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). When a party views the law in a light contrary to that of this Court, its proper recourse is not a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted).

"Courts should not take up lightly the task of revising their previous orders. Correctness is important, but so is finality." *RPD Eng'g, Inc. v. C.Z.*, No. 2:17-CV-12978, 2019 WL 8810353, at *1 (E.D. Mich. Sept. 9, 2019). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-

CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *RPD Eng'g, Inc.*, 2019 WL 8810353, at *1 (quoting *Pet'n of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973) ("Public policy dictates 'that litigation be decided and then put to an end,' and courts should deviate from their prior rulings only when they find 'some cogent reason' to do so." (internal citation omitted))).

## III. DISCUSSION

In moving for reconsideration Wood does not argue that there is new evidence or an intervening change in controlling law, but that this Court committed a clear error of law when it determined that the application of federal law and the loan agreements made the arbitrator's ability to apply Kentucky state statutory law uncertain. [DE 25 at 474]. Wood also argues that reconsideration is necessary to prevent the "manifest injustice" of allowing Ascend to charge "more than 600 percent interest on predatory loans" while avoiding Kentucky state law protections. [*Id.*].

### A. Clear Error of Law

Wood argues that the Court made a clear error of law when it determined that the application of federal law and the loan agreements made the arbitrator's ability to apply Kentucky state statutory law uncertain. [DE 25 at 474]. Ascend contends that Wood is simply rehashing old arguments, and in any event, those arguments are meritless. [DE 27 at 524–25].

In essence, Wood asks this Court to reanalyze the loan agreements, hold instead that they "preclude the arbitrator from considering Kentucky state law," and find that the arbitration and delegation clauses are therefore unenforceable due to the prospective waiver of state law. [DE 25 at 472]. In the present motion, Wood merely reasserts arguments that the Court previously considered and rejected, and presents an additional case, *Dunn v. Global Tr. Mgmt.*, 2024 WL

4379966 (11th Cir. Oct. 3, 2024), omitted from his prior briefing. [DE 24 at 467–69; DE 25 at 471–72, 476]. Yet, motions for reconsideration are "not an opportunity to re-argue a case," and "should not be used liberally to get a second bite at the apple." *State Farm Mut. Auto. Ins. Co. v. Angelo*, 95 F.4th 419 (6th Cir. 2024) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Accordingly, Wood's recycled prospective waiver arguments which assert no specific "clear error or law" are not appropriate for a motion to reconsider. *Marshall*, 2007 WL 1175046, at *2.[2]

Wood also cites an additional case, *Dunn*, to assert that the Court committed a clear error of law. [DE 25 at 476]. Wood appears to reason that, because the arbitration code in *Dunn* expressly permitted the application of state law and the code at issue here does not, the code at issue here must preclude the application of state law. [*Id.*]. But Wood did not make this argument previously and "cannot use a motion for reconsideration to raise new legal arguments that [he

[2] Wood's prospective waiver argument also fails on the merits, again. He contends that the choice of law clause plainly prevents the arbitrator from applying state law, including when deciding whether the delegation provision is enforceable. [DE 25 at 474]. But as the Court already explained, the agreement expressly applies the FAA "for all purposes" and § 2 of the FAA permits the arbitrator to consider traditional contract defenses to enforcement. [DE 1-1 at 20]. Thus, the choice of law clause does not foreclose the arbitrator from considering Wood's challenge to the delegation provision. [DE 24 at 469]. Whether the clause ultimately bars Wood's substantive state law claims remains a question for the arbitrator in the first instance and cannot be assumed from Wood's reading of the clause. *See Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330, 334 (4th Cir. 2017 (quoting *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540–41 (1995) (holding that when there is uncertainty as to whether a choice of law provision "would preclude otherwise applicable . . . substantive statutory remedies, the arbitrator should determine in the first instance whether the choice of law provision would deprive a party of those remedies.")); *Vimar*, 515 U.S. at 540–41 (finding that plaintiff prematurely challenged the choice of law provision because choice of law must "be decided in the first instance by the arbitrator," and only after that decision is made will it be clear if the parties prospectively waived their substantive statutory rights). Another judge in this Court reached the same conclusion in a case involving Wood and materially similar language. *Wood v. W6LS, Inc., and Caliber Fin. Servs, Inc.*, No. 4:24-cv-128-DJH, slip op. at 7–9 (W.D.K.Y. Sept. 20, 2025). Defendants also highlighted two cases in their second notice of supplemental authority that compelled arbitration under loan agreement selecting tribal and applicable federal law. *See* [DE 26 at 481–82 (citing *Fisher v. Welch et al.*, No. 35-cv-1698-WQH-BJW (S.D. Cal. Feb. 17, 2026) and *Bridges v. Raines*, No. 1:24-cv-00087-MR-WCM, 2025 WL 3565343 (W.D.N.C. Dec. 10, 2025))]. These decisions reinforce the Court's prior conclusion that Wood's anticipated loss of state law remedies does not render the delegation provision unenforceable at this stage.

could have] raised before a judgment was issued." *United States v. Smith*, Case No. 3:08-cr-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)).[3] As a result, the motion does not present any arguments appropriate for a motion to reconsider. *Marshall*, 2007 WL 1175046, at *2.

B. Manifest Injustice

Wood also argues that reconsideration is necessary to prevent manifest injustice. [DE 25 at 474]. A showing of manifest injustice requires "a fundamental flaw in the Court's judgment that, if not corrected, would lead to a result that is both inequitable and not in line with applicable policy." *Breeden v. Exel, Inc.*, 2022 WL 1482525, at *5 (W.D. Ky. Apr. 12, 2022). But "[m]ere disagreement with a court's findings does not rise to the level of manifest injustice." *Id.* And the "standard precludes a disappointed litigant from attempting to persuade the Court to change its mind." *Id.*; *see also Purefoy v. Harris*, 2022 WL 17104546, at *2 (N.D. Ohio Nov. 22, 2022) ("While the 'manifest injustice' prong of Rule 59(e) may serve as a catch-all provision, it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice.").

As described in the Court's previous order compelling arbitration, [DE 24 at 470], Wood's prospective waiver challenge is premature, and he fails to identify a "fundamental flaw" in the Court's judgment suggesting otherwise. [DE 24 at 470; *Breeden*, 2022 WL 1482525, at *5]. Given

[3] Even if Wood could raise *Dunn v. Global Tr. Mgmt.* on reconsideration, the case does not support his argument. 2024 WL 4379966 (11th Cir. Oct. 3, 2024); [DE 25 at 476]. The Court already considered *Dunn* and explained that a choice of law provision does not prevent an arbitrator from deciding whether an agreement is enforceable under § 2 of the FAA. *Id.* at *12; [DE 24 at 468]. More fundamentally, *Dunn* did not decide the effect of the choice of law provision that Wood cites. 2024 WL 4379966, at *13–14; [DE 25 at 476]. It expressly left that issue to the arbitrator because the parties had agreed to delegate "all questions pertaining to the enforceability of their arbitration agreements, including the choice-of-law provisions, to an arbitrator." *Dunn*, 2024 WL 4379966, at *14. The presence of that provision in *Dunn* permitting the application of state law therefore provides no basis to infer what law applies under Wood's agreement, much less to reconsider the Court's ruling.

the agreement's clear and unmistakable delegation of arbitrability, the question of arbitrability of his claims must be decided by an arbitrator, not this Court. [*See id.*; *Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330, 334 (4th Cir. 2017) (holding that arbitrator should determine in the first instance whether choice of law provision would deprive a party of otherwise applicable statutory remedies); *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540–41 (1995) (finding that plaintiff prematurely challenged the choice of law provision because choice of law must "be decided in the first instance by the arbitrator," and only after that decision is made will it be clear if the parties prospectively waived their substantive statutory rights).]. Wood's argument that reconsideration is necessary to prevent the "manifest injustice" of allowing Ascend to charge "more than 600 percent interest on predatory loans" while avoiding Kentucky state law protections does not change that legal determination. [DE 25 at 474]. This argument is nothing more than "a disappointed litigant . . . attempting to persuade the Court to change its mind." *Breeden*, 2022 WL 1482525, at *5. As a result, there is no manifest injustice in Wood waiting to raise his choice of law objections with the arbitrator.

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Wood's motion to reconsider. [DE 25].

Rebecca Grady Jennings, District Judge
United States District Court

September 24, 2026